IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **LAYLA WILLIAMS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-00251 |
| | ) Judge Trauger |
| | ) |
| **STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES,** | ) JURY DEMAND |
| | ) |
| | ) |
| Defendant. | ) |

**~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER**

A. **JURISDICTION**

This court has jurisdiction of this case pursuant to **28 U.S.C. § 1331** and **28 U.S.C. § 1343.**

B. **BRIEF THEORIES OF THE PARTIES**

1. **Plaintiff's theory of the case:**

Plaintiff **LAYLA WILLIAMS** has filed this cause of action pursuant to the **Sex Discrimination and Employment Act of 1967, 29 U.S.C. §623**. It is the **PLAINTIFF'S** theory that she was subjected to disparate treatment and a hostile work environment after she reported concerns about the treatment of a juvenile who was assigned to her supervision. The juvenile, Darian J., was sentenced to a Tennessee Youth Development Center illegally, and was held at that facility after the Criminal Court for Roane County, Tennessee ordered his release. The **PLAINTIFF'S** alternative

theories are also filed pursuant to a violation of the **Tennessee Whistle Blower Act, T.C.A. 50-1-304**, common law constructive and retaliatory discharge, and unconstitutional retaliation of the plaintiff's exercise of her First Amendment rights, pursuant to **42 U.S.C. 1983, the First and Fourteenth Amendments to the United States Constitution.**

    2.    <u>**Defendant's theory of the case**</u>**:**

It is the position of the **Defendant** that **Plaintiff** voluntarily resigned her employment with the Department of Children's Services. She was not coerced into resignation nor was she constructively discharged. **Defendant** submits that at no time was **Plaintiff** subjected to disparate treatment, retaliation or a hostile work environment. **Defendant** denies violations of the **Tennessee Whistle Blower Act, the Sex Discrimination and Employment Act,** and **42 U.S.C. 1983.**

C.    **ISSUES RESOLVED**

Jurisdiction and venue.

D.    **ISSUES STILL IN DISPUTE**

Liability and damages.

E.    **INITIAL DISCLOSURES**

Pursuant to **Federal Rules of Civil Procedure 26(a)(1)**, the parties shall make their initial disclosures **within (14) fourteen days** after the initial case management conference.

F.    **DISCOVERY**

The parties shall complete all discovery and depose all fact witnesses on or before **October 15, 2011**. Discovery is not stayed during dispositive motions, unless

ordered by the court. **Local Rule 9(a)(2)** is expanded to allow **40** interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with **Judge Trauger**.

G. **MOTIONS TO AMEND**

The parties shall file all motions to amend on or before **July 1, 2011**.

H. **DISCLOSURE OF EXPERTS**

The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 30, 2011**. The Defendant shall identify and disclose all expert witnesses and expert reports on or before **October 1, 2011**.

I. **DEPOSITIONS OF EXPERT WITNESSES**

The parties shall depose all expert witnesses on or before **October 21, 2011**.

J. **JOINT MEDIATION REPORT**

The parties shall file a joint mediation report on or before **October 20, 2011**.

K. **DISPOSITIVE MOTIONS**

The parties shall file all dispositive motions on or before **December 12, 2011**. Responses to dispositive motions shall be filed within **twenty (20) days** after the filing of the motion. Optional replies may be filed within **ten (10) days** after the filing of the response. Briefs shall not exceed <u>**twenty**</u> **(20)** pages. No motion for partial summary judgment shall be filed, except upon leave of the Court. Any party wishing to file such a motion shall first file a separate motion that gives justification for filing a partial summary judgment motion, in terms of overall economy of time and expenses for the parties, counsel and the court.

L.   **ELECTRONIC DISCOVERY**

The parties anticipate no electronic discovery.

M.   **ESTIMATE TRIAL TIME**

The parties expect the trial to last approximately **4** days.

It is so ORDERED.

_____
**JUDGE ALETA TRAUGER**

**APPROVED FOR ENTRY BY:**

**s/John Wayne Allen**
**John Wayne Allen, BPR#19045**
Attorney for Plaintiff
441 East Broad Street, Suite I
Cookeville, Tennessee 38501-3390
(931) 260-3588
(888) 211-6268 (fax)
jwalaw@charter.net


**s/John W. Dalton**
**John W. Dalton, BPR#16653**
Senior Counsel
Civil Litigation and State Services Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
615-741-8062
615.741.7327 (fax)
john.dalton@ag.tn.gov